UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WASHINGTON

| | |
|---|---|
| RICHARD ALLEN CASE,<br><br>              Plaintiff,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF INVESTIGATION, OFFICE OF INFORMATION POLICY,<br><br>              Defendant. | No. CV-12-500-CI<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY AND GRANTING PLAINTIFF'S MOTION TO COMPEL PREPARATION OF A VAUGHN INDEX |

BEFORE THE COURT is Plaintiff's Motion to Compel Preparation of Vaughn Index[1] and Defendant's Motion for Protective Order Staying Discovery.

---

[1] A "Vaughn Index" is an index of information prepared by the government in the context of a Freedom of Information Act (FOIA) request where the government is seeking to withhold documents requested by a citizen. See Vaughn v. Rosen, 484 F.2d 820 (D.C.Cir. 1973). The Vaughn Index must list each document withheld, the statutory exemption to disclosure, and an explanation of why the exemption applies to the withheld document, i.e., what claimed governmental interest is protected by the identified exemption. The Vaughn Index allows the FOIA requestor an opportunity to contest the withholding and provides the court with a foundation upon which to review the validity of the withholding. Weiner v. FBI, 943 F.2d 972, 977 (9th Cir. 1991).

ORDER GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY AND GRANTING PLAINTIFF'S MOTION TO COMPEL PREPARATION OF A VAUGHN INDEX - 1

ECF No. 22, 31. Plaintiff, an inmate in the custody of the Washington State Department of Corrections (DOC) at Airway Heights Corrections Center (AHCC), is proceeding pro se. Defendants are represented by Assistant United States Attorney Rolf H. Tangvald. The parties have not consented to proceed before a magistrate judge.

**A.  Background**

Plaintiff filed a Complaint for Injunctive Relief under the FOIA in August 2012. ECF No. 1. He claims the government improperly withheld Federal Bureau of Investigation (FBI) records relating to the investigation of his criminal charges and seeks review of the government's FOIA response. At the time of filing his Complaint, Plaintiff also filed a "Motion to Compel Preparation of a Vaughn Index." ECF No. 3. His Motion was denied with leave to renew after Defendants were properly served. ECF No. 11. Plaintiff renewed his Motion to Compel on January 29, 2013, and a hearing on the Motion was set for February 28, 2013. ECF No. 22.

On February 14, 2013, the parties conferred with the court at a scheduling conference, at which time the court indicated it would issue a scheduling order after Plaintiff's Motion to Compel was addressed. At that time, Defendants indicated they would be filing a motion for summary judgment, which would include a Vaughn index, declarations in support of their motion, and detailed briefing on FOIA standards for discovery. In this Motion to Stay Discovery, Defendants state their Motion for Summary Judgment will be filed by the end of March 2013. ECF No. 31 at 4.

**B.  FOIA Discovery Requests**

As a general rule, district court "has wide latitude in controlling discovery." White v. City of San Diego, 605 F.2d 455, 461 (9th Cir. 1979) (citations omitted). Under the FEDERAL RULES OF CIVIL PROCEDURE (Fed. R. Civ. P.), this pro se proceeding is exempt from initial disclosure. Fed. R. Civ. P. 26 (a)(1)(B)

ORDER GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY AND GRANTING PLAINTIFF'S MOTION TO COMPEL PREPARATION OF A VAUGHN INDEX - 2

(exemption for cases initiated by pro se litigants in custody of the state).  In FOIA cases, discovery typically is deferred where, as here, a requestor is challenging the government's claim of exemption from disclosure.  District court also has discretion to rule on a motion for summary judgment on the basis of government affidavits in FOIA cases.  See Lane v. Department of Interior, 523 F.3d 1128, 1134 (9th Cir. 2008).  Staying discovery pending summary judgment allows the court to consider the government's documentation and affidavits and determine whether adequate steps to uncover responsive documents were taken and whether further discovery should be permitted.  Until the court has an opportunity to ascertain the factual disputes, if any, and what requested documents have been withheld and under what exemption (via a Vaughn Index), the issue of further discovery is properly delayed.  To avoid unnecessary burdensome discovery for the parties and expenditure of limited government resources, full discovery should be stayed pending the filing of Defendant's Motion for Summary Judgment and Plaintiff's response.  Accordingly,

**IT IS ORDERED:**

1. Defendants' Motion for Protective Order Staying Discovery, **ECF No. 31**, is **GRANTED.**

2. Discovery is **STAYED** pending resolution of Defendants' Motion for Summary Judgment which shall be filed and served no later than April 5, 2013.

3. Plaintiff's Motion to Compel Production of Vaughn Index, **ECF No. 21,** is **GRANTED**.  Defendants shall provide a particularized Vaughn Index in support of their Motion for Summary Judgment.

4. Plaintiff shall file and serve a Response no later than thirty (30) days after receipt of Defendants' Motion for Summary Judgment.  Defendants may file a Reply no later than fourteen (14) days after receipt of Plaintiff's Response.  Hearing without oral argument shall be held on May 31, 2013.

ORDER GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY AND GRANTING PLAINTIFF'S MOTION TO COMPEL PREPARATION OF A VAUGHN INDEX - 3

1  The District Court Executive is directed to file this Order and provide copies
2  to Plaintiff and counsel for Defendants.
3      DATED March 11, 2013.
4
5              S/ CYNTHIA IMBROGNO
               UNITED STATES MAGISTRATE JUDGE
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28